IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| *AMMIE R. COLE,* | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     No. 3:10-cv-344 |
| | ) |
| *KNOX COUNTY SCHOOLS, LOIS McSWINE,* | ) |
| *KATHY SIMS, CAROL STREVEL and* | ) |
| *SUSAN ESPIRITU,* | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT KNOX COUNTY SCHOOLS'
MOTION TO DISMISS**

Comes now the Defendant, Knox County Board of Education[1], by and through counsel, and submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(A)(2). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 518-19 (6th Cir. 2008).

In review of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, all allegations are taken as true, and all reasonable inferences are drawn in favor of the pleader. Wright & Miller § 1357. The complaint must contain either direct or inferential

---

[1] Knox County Board of Education is a governmental entity created by Tennessee law capable of suing and being sued. Knox County Schools is not a legal entity.

allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 895 F.2d 434, 436 (6th Cir. 1988).

Defendant Knox County Board of Education respectfully requests that this Honorable Court dismiss Plaintiff's Complaint for failure to state a plausible claim for relief pursuant to federal law. In her Complaint, Plaintiff alleges,

> The defendants allowed and created situations for discrimination, retaliation, false allegations, unfair treatment, intentional infliction of emotional distress and abuse, then forced me out of my job.

Complaint, Doc. 1, ¶ 1.

Of these allegations, only that of "discrimination" sounds in federal law.[2] The rest of the allegations are simply state law claims (if claims at all), over which this court would ordinarily not exercise jurisdiction, absent diversity of citizenship, which is not present in the instant case. 28 USC § 1332. Complaint, Doc. 1, ¶ 2 and 3. However, merely alleging that "discrimination" exists, without pleading any further facts supporting this allegation, does not shield the Plaintiff from a motion to dismiss pursuant to Rule 12 (b)(6):

> A judge may not grant a Fed.R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' "

*In re: DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)(Internal citations omitted.)

Nowhere in Plaintiff's Complaint does she meet this standard. In fact, Paragraph One of Plaintiff's Complaint is the first and last time that the word "discrimination," or any conduct at

---

[2] Some forms of retaliation, of course, could sound in federal law, as well. However, Plaintiff's allegation of retaliation is, according to the Plaintiff, due to her refusal to "tattle on other staff members." Complaint, Doc. 1, ¶ 4.4. Retaliation such as this carries no federal law implications.

all which is actionable under federal law, is mentioned. The remainder of her Complaint reads as follows:

Complaint ¶ 4.1:

> That Kathy Sims, Bert Lanauze (Title I supervisor) and Betty Crawford (Knox County Education Association) denied my transfer request after Superintendent Lindsey instructed all staff members at Green Academy to list their three choices for a transfer since Green Academy was being reconstituted. . . .

[The remainder of this paragraph contains several factual allegations relating to this basic allegation that the Plaintiff was denied a transfer that she felt entitled to. Nowhere does it mention that she believes that any actions were taken against her for a reason impermissible according to federal law.]

Complaint ¶ 4.2:

> That Susan Espiritu intentionally and constantly lied on me to the supervisors regarding my job performance to make me look unprofessional and incapable of performing my duties.

Complaint ¶ 4.3:

> That many times Susan Espiritu would not allow me to do my duties as outlined in my job description. She often created other tasks for me to do and then question (sic) me for reasons I couldn't complete everything. Then she would run to the supervisors.

Complaint ¶ 4.4:

> That Susan Espiritu retaliated because I wouldn't tattle on other staff members.

Complaint ¶ 4.5:

> That the supervisors, Lois McSwine and Carol Strevel would not support me when I took my concerns to them. Instead of helping me, they teamed up with Susan Espiritu to see what faults they could find in me.

Complaint ¶ 4.6:

> That Susan Espiritu reneged on her promise to pay certified staff members at least $2500 per year for participating in the Teacher Advancement Program (TAP). I participated for two years and received $400 per year while others received at least $2500 or more per year[.]

Complaint ¶ 4.7:

> That I was harassed for attending or not attending meetings – that I was harassed for not teaching certain students at certain times when the students belonged to their homeroom teachers and I couldn't teach them until the teachers released them to me.

Complaint ¶ 4.8:

> That Susan Espiritu moved files, materials, equipment, and furniture any time she wanted to. Then complain [sic] that I lost things. She also had other staff members watch me, then write a script to what she wanted to document.

Complaint ¶ 4.9:

> E-mail abuse, and the list goes on how e-mail was used to defame me.

Complaint ¶ 4.10:

> That the principal, Susan Espiritu and supervisors, Lois McSwain and Carol Strevel use the name of Knox County Schools to hide behind to do their dirty deeds to people including me. This applies to Kathy Sims too.

Complaint ¶ 4.11:

> That the Title I office personnel (under the supervision of Lois McSwine) was used to discredit me when I transferred to Green Academy.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against individuals because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, an employee must show that she (1) is a member of a protected class; (2) that she was qualified to perform the work which she felt was denied to her; (3) that despite these qualifications, she was denied the work; and (4) that the employer continued to attempt to fill the position after rejecting the employee. See *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). Put another way, the plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Sample v. Wal-Mart Stores, Inc.,* 273 F. Supp. 2d 185, 188 (D. Conn. 2003) aff'd, 108 F. App'x 15 (2d Cir. 2004), citing *Fisher v. Vassar College,* 114 F.3d 1332, 1344 (2d Cir.1997). As indicated above, Plaintiff fails even to plead that she is a member of a protected class (though this Defendant will stipulate that she is African-American and female). However, presuming that she clears that first hurdle, and that her Complaint speaks of adverse employment actions, she has utterly failed to address either of the two remaining factors in her pleading: that she met the qualifications for the positions she claims were denied to her, or that discrimination was a motive in the decision-making process of her supervisors.

While Plaintiff complains of the treatment she received, she does not allege that it was a result of her race, color, religion, sex, or national origin. In Paragraph 1 of her Complaint, Plaintiff alleges "that the defendants allowed discrimination, retaliation, false allegations, unfair treatment, intentional infliction of emotional distress and abuse, then forced me out of my job." There are no federal causes of action for "false allegations, unfair treatment, or intentional infliction of emotional distress and abuse."

Plaintiff does not allege that Defendant Knox County Schools allows discrimination and retaliation because of some impermissible reason such as sex, race, religion, national origin or other protected classification. In Paragraph 4.1 of her Complaint, Plaintiff alleges that her transfer request was denied. She does not allege that the request was denied for an impermissible reason such as sex, race, religion or national origin. Plaintiff complains that

5

Defendant Espiritu "lied on" her (¶ 4.2), would not allow Plaintiff Cole to do her duties and then ran "to the supervisors" (¶ 4.3), retaliated because Plaintiff Cole "wouldn't tattle on other staff members" (¶ 4.4), and reneged on a "promise to pay certified staff members at least $2500 per year for participating in" TAP. (¶ 4.6). Even assuming that Ms. Espiritu engaged in the conduct Plaintiff Cole alleges, there is no allegation that Ms. Espiritu was motivated by an illegal motive. In fact, Plaintiff Cole alleges that Ms. Espiritu's conduct was motivated by Plaintiff Cole's failure to 'tattle' on other staff members. Furthermore, in Paragraph 4.7 of her Complaint, Plaintiff Cole alleges that she was harassed because she did or did not attend meetings. There is no allegation of an illegal motive anywhere within this Complaint.

Plaintiff Cole has failed to state a cause of action for which relief can be granted pursuant to federal law. Defendant Knox County Board of Education respectfully requests that the Plaintiff's Complaint be dismissed as to it and/or the entity improperly described by Plaintiff as "Knox County Schools."

Respectfully submitted this 7th day of October, 2011.

      /s/ *David M. Sanders*
      DAVID M. SANDERS, BPR No. 016885
      Deputy Knox County Law Director

      *Attorney for Defendant Knox County Board of Education*

      912 S Gay Street, Ste 102
      PO Box 2188
      Knoxville TN 37902-2188
      (865) 215-2327

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2011, a copy of the foregoing Memorandum in Support of Defendant Knox County Board of Education's Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

                                            */s/ David M. Sanders*
                                            DAVID M. SANDERS