UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

AMMIE R. COLE,                          )
                                        )
            Plaintiff,                  )
                                        )    No. 3:10-CV-344
v.                                      )
                                        )    Chief Judge Curtis L. Collier
KNOX COUNTY SCHOOLS, *et al.*,          )
                                        )
            Defendants.                 )

**M E M O R A N D U M**

Alleging discrimination, retaliation, and other claims, *pro se* Plaintiff Ammie R. Cole

("Plaintiff" or "Cole") filed suit against Defendants Knox County Board of Education[1] ("Knox

County") and Lois McSwine, Kathy Sims, Carol Strevel, and Susan Espiritu (collectively

"Defendants").[2]  Now before the Court is Knox County's motion to dismiss Plaintiff's complaint

(Court File No. 34) and Defendants' motion for summary judgment (Court File No. 29).  In response

to Defendants' summary judgment motion, Plaintiff filed a document, entitled "Dispositive Motion,"

which, in its entirety, states "There is no Dispositive Motion by the Plaintiff.  This case should not

be dismissed" (Court File no. 32).  Having considered these filings and attached memoranda, the

Court will **GRANT** Knox County's motion to dismiss the complaint with respect to it (Court File

---

[1] Although Plaintiff filed suit against "Knox County Schools," Knox County in its brief notes that "Knox County Schools" is not a legal entity.  One can forgive Cole's mistake, however, as Knox County's website refers to "Knox County Schools." *See* http://knoxschools.org/modules/cms/pages.phtml?pageid=49970&sessionid=975dc3bb5b1203e7 3e50e2ea450039c0 (accessed December 7, 2011).

[2] Plaintiff sues McSwine, Sims, Strevel, and Espiritu in their individual, not official, capacities.  Although she listed these four defendants parenthetically in the caption following Knox County Schools in her complaint, Plaintiff has subsequently disclaimed the intention to sue them in their official capacity (Court File No. 11).  Defendants' contention Plaintiff also disclaimed any action against them in their individual capacity is addressed below.

No. 34) and will **GRANT** Defendants' motion for summary judgment (Court File No. 29).

## I.    FACTUAL & PROCEDURAL BACKGROUND

Ammie R. Cole apparently worked as an elementary teacher for some time before filing her complaint.[3]  It further appears she worked at "Green Academy"[4] in Knoxville, Tennessee.  At some point prior to the filing of Cole's complaint, she learned from Superintendent Charles Lindsey that Green Academy was to be, in Cole's words, "reconstituted."   As part of this process, Lindsey instructed all staff members at Green Academy to identify their three choices for a transfer to another school.  According to Cole, Lindsey further instructed Kathy Sims, Director of Human Resources for Knox County Schools and a named defendant in this lawsuit, to "place all of Green Academy staff first so they would get one of their three choices" (Court File No. 1, Complaint, ¶ 4.1).

Cole does not appear to have received one of her three choices, as she alleges Sims and Bert Launauze, identified parenthetically in Cole's complaint as a Title I supervisor, denied her transfer request.[5]  Instead, Cole avers, Sims "and her team" decided Cole should be transferred to Pond Gap

---

[3] The factual background as recounted here is drawn from Cole's complaint.  Because the complaint begins *in medias res*, the Court's recounting of the facts must make a number of assumptions and inferences, which, given the procedural posture of the case, it does in the light most favorable to Cole.

[4] The Court assumes Cole's reference to "Green Academy" in her complaint refers to Green Elementary School, also known as Green Magnet Math & Science Academy, located at 801 Townview Drive in Knoxville, Tennessee.  The Court will use Cole's description of this institution as "Green Academy."

[5] Cole also alleges Lois McSwine, identified as a supervisor (and a named party in this lawsuit), blocked the transfer request of Angela Roberts.  Cole does not explain who Angela Roberts is or why this fact is relevant to her claim.

Elementary School. According to Cole, Sims in essence presented Cole with an ultimatum: either Cole could accept a transfer to Pond Gap, or she could find herself a job outside the Knox County school system (*id.*). It appears Cole adopted the former course, and accepted the transfer to Pond Gap.

Once at Pond Gap, Cole alleges she suffered a number of wrongs at the hands of school administrators.[6] Cole's complaint focuses primarily on Pond Gap's Principal, Susan Espiritu. Five paragraphs in her complaint identify Espiritu's alleged misdeeds: 1) Espiritu lied about Cole's performance to Cole's supervisors to make Cole appear unprofessional and incompetent; 2) Espiritu prevented Cole from completing Cole's job duties by giving Cole additional responsibilities, and then would question Cole for not completing her underlying job duties; 3) Espiritu "*retaliated* because [Cole] wouldn't tattle on other staff members" (*id.* at ¶ 4.4) (emphasis in original); 4) Espiritu reneged on a promise to pay Cole $2500 per year–paying her instead $400 per year–for Cole's participation in the Teacher Advancement Program, even though "others received at least $2500 or more per year" (*id.* at ¶ 4.6); and 5) Espiritu "moved files, material, equipment, and furniture any time she wanted to," and then blamed Cole for lost items (*id.* at ¶ 4.8). On this final point, Cole further claims Espiritu instructed other staff members to watch her, and "then write a script to what [Espiritu] wanted to document" (*id.*).

Cole also alleges wrongdoing by administrators other than Espiritu. Indeed, Cole claims supervisors Lois McSwine and Carol Strevel erred by failing to support Cole when Cole approached them with complaints about Espiritu's conduct. Instead, "they teamed up with Susan Espiritu to see

---

[6] Because Cole's complaint does not include any reference to dates, the Court here assumes the laundry list of allegations set out in ¶¶ 4.2-4.9 of Cole's complaint occurred during her time working at Pond Gap.

what faults they could find in [Cole]" (*id.* at ¶ 4.5).  More generally–and without identifying specific individuals, Cole claims she was "harassed for attending or not attending meetings" and "for not teaching certain students at certain times when the students belonged to their homeroom teacher and [Cole] couldn't teach them until the teachers released them to [Cole]" (*id.* at ¶ 4.7).  Cole also alleges she was subject to "email abuse," which included the use of email to "defame" her (*id.* at ¶ 4.9).  In sum, Cole alleges Espiritu, McSwine, Strevel, and Sims "hid[] behind the name of Knox County Schools to do their dirty deeds to people, including [Cole]" (*id.* at ¶ 4.10).[7]

After setting out these allegations, Cole seeks five avenues of relief from this Court.  First, Cole "wants [her] name cleared with Knox County Schools" (*id.* at ¶ 5.a).  Next, she asks for court costs and attorney's fees.  Third, she seeks "a reward" of twelve million dollars.  Fourth, she asks her case be "heard in full" (*id.* at ¶ 5.d).  Finally, Cole "wants something done for those employees who are suffering like [her]" (*id.* at ¶ 5.e).

After the close of discovery, Knox County filed a motion to dismiss (Court File No. 34), and Defendants moved for summary judgment (Court File No. 29).  Other than asking the Court not to dismiss the case, Cole filed no substantive response (*see* Court File No. 32).


## II.    STANDARD OF REVIEW

### A.    *Pro Se* Pleading Standard

---

[7] Somewhat confusingly, Cole's final paragraph in the section of her complaint describing her claim asserts "the Title I office personnel (under the supervision of Lois McSwine) was used to discredit [Cole] when [Cole] transferred to Green Academy" (Court File No. 1, Complaint, ¶ 4.11).  This paragraph appears to the Court to be a chronological non-sequitur, as the rest of the complaint refers to events occurring after Cole's transfer *from* Green Academy to Pond Gap Elementary School.  Cole's complaint provides no further elaboration.

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (citation omitted). *Pro se* plaintiffs must still comply with Rule 8 of the Federal Rules of Civil Procedure which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Delorean Motor*, 991 F.2d at 1240 (citations omitted).

**B.     Failure to State a Claim**

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however,

5

and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## C. Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63,

2009 WL 3762961, at *2-3 (E.D. Tenn. Nov. 4, 2009) (explaining the Court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).


III.     ANALYSIS

A.     Introduction

From Cole's complaint and her subsequent filings, it is apparent she has no legal training or experience. This lack of familiarity works to her disadvantage in attempting to maintain her case in federal court where federal procedural and substantive rules and laws require knowledge and familiarity with federal practice. While the Court is sympathetic to her claim and her efforts to surmount these dispositive motions, in the final analysis her lack of legal knowledge is fatal.

The Court now explains in detail why her case may not go forward.

B.     Motion to Dismiss

Cole's complaint alleges "the defendants allowed and created situations for Discrimination,

Retaliation, False Allegations, Unfair Treatment, Intentional Infliction of Emotional Distress and Abuse, then forced me out of a job" (Court File No. 1, Complaint, ¶ 1). Knox County first argues that all claims other than discrimination should be dismissed because they do not "sound" in federal law (Court File No. 35, p. 2). Knox County further contends the complaint should be dismissed because Cole fails to establish a *prima facie* case of discrimination.

Even construing Cole's complaint under the more liberal *pro se* standard, the Court concludes the complaint fails to state a claim against Knox County upon which relief can be granted, and therefore must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Given her *pro se* status, the Cole's failure to invoke 42 U.S.C. § 1983 and federal anti-discrimination law is not fatal to her complaint. Although she only uses the word "discrimination" once in her complaint (*see* Court File No. 1, Complaint, ¶ 1),[8] Cole nonetheless successfully gives Knox County fair notice that her complaint rests upon this ground, *see Lillard*, 76 F.3d at 726. Indeed, Knox County, in its brief, addresses whether Cole has stated a claim for discrimination, thereby establishing it has understood Cole's complaint to rest on this ground.

Cole's complaint fails, however, because it does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Delorean Motor*, 991 F.2d at 1240 (citations omitted). To make out a *prima facie* case for discrimination under federal law, a plaintiff must demonstrate 1) she is a member of a protected class; 2) she was qualified to perform the work; 3) despite her qualifications, she suffered an adverse employment action; and 4) she was replaced by someone outside the protected class or treated differently than similarly-situated members of the unprotected class. *Umani v. Michigan Dep't of*

---

[8] Cole also twice refers to retaliation.

*Corrections*, 432 F. App'x 453, 460 (6th Cir. 2011). To establish a *prima facie* case for retaliation, which Cole also alleges in her complaint, a plaintiff must establish 1) she was engaging in an activity protected by Title VII; 2) the exercise of her civil rights was known to the defendant; 3) thereafter, the defendant took an employment action adverse to the plaintiff; and there was a causal connection between the protected activity and the adverse employment action.[9] *Hill v. Air Tran Airways*, 416 F. App'x 494, 497 (6th Cir. 2011) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000)). If Cole were to rely on a "mixed-motive" theory,[10] she must then show 1) the defendant took an adverse employment action against the plaintiff; and 2) race, color, religion, sex, or national origin was *a* motivating factor for an employment action, even if other factors also motivated the practice. *Spees v. James Marine, Inc.*, 617 F.3d 380, 389 (6th Cir. 2010) (quoting *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008)).

Cole cannot succeed under any of these theories. First, nowhere in her complaint does she indicate she is a member of a protected class.[11] Second, she does not, in her complaint, establish she is qualified for her work as an elementary school teacher (if indeed that is her former job). Third, the record provides no information regarding whether Cole was replaced, and if so, whether her

---

[9] Cole would need to establish similar elements to make a out a *prima facie* claim for a hostile work environment based on race. *See Newman v. Fed. Express. Corp.*, 266 F.3d 401, 405 (6th Cir. 2001) (Plaintiff must show: "1) that he is a member of a protected class; 2) that he was subjected to unwelcome racial harassment; 3) that the harassment was based on race; 4) that the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile, or offensive work environment; and 5) the existence of employer liability").

[10] In fact, Cole may be precluded from relying a mixed-motive theory because she failed to invoke it in her complaint. *See Hashem-Younes v. Danou Enters. Inc.*, 311 F. App'x 777, 779 (6th Cir. 2009).

[11] Knox County stipulates to the fact Cole is an African-American female. *See* Court File No. 35, p. 5.

replacement came from outside the protected group. Fourth, although the complaint alleges the conduct of Knox County and Defendants "forced [Cole] out of [her] job," this description does not indicate whether Knox County in fact took an adverse employment against Cole, or that she became fed up and left out of frustration. Finally, Cole fails in her complaint to allege, let alone demonstrate, that an illegal motive–whether racial or otherwise–impelled Knox County's and Defendants' actions.

Indeed, Cole's failure to allege or demonstrate an illegal motive obliges the Court to dismiss her complaint with respect to Knox County. Crosscutting all of federal anti-discrimination law is the congressional purpose "to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered . . . stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). Thus, at a minimum, a Title VII plaintiff must point to some discriminatory practice or device that has worked to her disadvantage. This Cole does not do. Although the picture she paints of her work environment suggests considerable tension between colleagues, nothing in her complaint indicates such tension rises to the level of a cognizable discrimination or retaliation claim under federal law. *Cf. Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 836 (6th Cir. 1996) (upholding summary judgment for a defendant in an age discrimination case where "hostility and abusiveness" in the workplace "stemmed from a simple clash of personalities," not age-related discrimination). Accordingly, the dismissal of Cole's complaint against Knox County for failure to state a ground upon which relief can be granted is appropriate.

### C. Motion for Summary Judgment

Defendants McSwine, Sims, Strevel, and Espiritu move for summary judgment on the ground

Cole did not intend to sue them in their individual capacities. In her deposition, Cole clarified she

indeed did not intend to sue Defendants in their individual capacity:

> A: . . . this suit was supposed to be against Knox County, and in parenthesis, I had those names under there. When I got there to turn it in, the person at the desk would not let me file just under Knox County Schools. She said I had to do each one separately. And then she said I had to have a person at Knox County Schools to send one, too. . . .
> Q: Well, do you understand that you have filed a lawsuit against these four people personally?
> A: Well, I – that's what I'm trying to say. It wasn't meant to be like that. I was thinking about that when I was driving over here today. It's not like pulling Lois out here and – that's what it's turning out to be. This was like – I work with these people.
> Q: Yes, ma'am.
> A: We were like a family together. And I considered them Knox County.
> Q: I understand. But you – but you have filed a suit against Knox County, which is a legal entity.
> A: Uh-huh.
> Q: And you have also filed suit against Lois McSwine, Kathy Sims, Carol and Susan. And, you know, when it says here on the back page that – that you're seeking a reward of 12 million, well, you're seeking that against them personally.
> A: That's what I'm saying. When I was coming over here – this was supposed to be like one unit, but it's done spread out into four. And that's not what I intended it to be.

(Court File No. 29, Cole Dep., pp. 69-70)

> Q: Did you – did you realize at the time that putting their names in this – in the line in parenthesis that – that you were including them as a – as a named Defendant?
> A: No.
> Q: Okay. And there was a document that was filed with the Court, and it's document number 11, and it's a reply whereby you're replying to the Court saying this replies to answer the question whether the Defendants are being sued in their official capacities, "They are not being sued in their official capacities."
> A: Yeah.
> Q: Did you file this document?
> A: Yes.
> Q: Okay. Did you – did you realize at that point in time that by stating, "They're not being sued in their official capacities," mean they were being sued in their individual capacities?
> A: I did after I turned it in, yes.
> Q: Okay. Was that your intention?

11

A: No.
Q: Okay. Is it your intention right now at this point in time to have a lawsuit against these four named individuals in their individual capacities?
A: Not individual.

(*Id.* at pp. 86-87). The Court agrees with Defendants that Cole did not, and does not, intend to sue them in their individual capacity.[12] Accordingly, the Court concludes summary judgment for the four Defendants in their individual capacity is proper.[13]

### D.   State Law Claims

In addition to discrimination and retaliation, Cole's complaint seeks to sue Knox County and Defendant for "False Allegations, Unfair Treatment, Intentional Infliction of Emotional Distress and Abuse" (Court File No. 1, Complaint, ¶ 1). To the extent these allegations state cognizable legal claims, they do so under state law. As state law claims brought in a federal-question case, these claims can only be heard by the Court through the exercise of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the

---

[12] Cole, an inexperienced *pro se* litigant, appears to have added the names of the four Defendants under the belief she was required to do so.

[13] Summary judgment is also proper for four Defendants in their official capacity. As an initial matter, Cole has explicitly disclaimed any cause of action against them in their official capacity (Court File No. 11). Dismissal of Cole's claims is proper even if Cole, a *pro se* litigant, did not intend to disclaim a cause of action against the Four Defendants in their official capacity. When a party brings a suit for damages against an officer in her official capacity, it is construed as a suit against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As discussed above, the Court must dismiss Cole's complaint against the government entity in this case–Knox County. Thus, whether Cole's suit seeks to sue Defendants in their official or individual capacities, it must be dismissed.

district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). A federal district court should only exercise its discretion to retain supplemental jurisdiction after dismissing federal claims under limited circumstances, which frequently involve some degree of forum manipulation. *See Carnegie-Mellon*, 484 U.S. at 357. There is no indication of manipulative tactics in this case, and no other compelling reason for the Court to retain supplemental jurisdiction over Cole's state law claims. Accordingly, dismissal of these claims without prejudice is appropriate.

## IV.    CONCLUSION

For the reasons discussed above, the Court will **GRANT** Knox County's motion to dismiss Plaintiff's complaint with respect to it (Court File No. 34), will **GRANT** Defendants' motion for summary judgment (Court File No. 29), and will **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims. There being no other issues in this case, the Court will **DIRECT** the Clerk of

Court to **CLOSE** this case.

An Order shall enter.


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**